UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARNOLD WIMBERLY, <br><br> Plaintiff, <br><br> v. <br><br> THE QUAKER OATS COMPANY, <br><br> Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT AT LAW

Plaintiff, Arnold Wimberly ("Wimberly" or "Plaintiff"), by and through his attorneys, Caffarelli & Associates, Ltd., for his Complaint at Law against Defendant The Quaker Oats Company, states as follows:

### NATURE OF ACTION

1. This is a single-plaintiff action for damages and injunctive relief against Defendant The Quaker Oats Company ("Quaker" or the "Company") for its unlawful interference with Plaintiff's rights in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"). Plaintiff also asserts claims for retaliatory discharge in violation of Illinois common law and for retaliation in violation of 42 U.S.C. § 1981.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over Plaintiff's FMLA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617 (right to civil action by employees under the FMLA), and over Plaintiff's federal retaliation claim pursuant to 28 U.S.C. § 1343(a)(4) and 42 U.S.C. § 1981. This Court has supplemental jurisdiction over the state common law claim pursuant to 28 U.S.C. § 1367.

3. The unlawful employment practices described herein were committed at Defendant's facility in Bridgeview, Cook County, Illinois. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Arnold Wimberly resides in Park Forest, Illinois.

5. Plaintiff worked at the Company from on or about February 23, 2015 until his termination on or about February 17, 2016.

6. Plaintiff's race is black.

7. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 2611(3)(A).

8. The Quaker Oats Company is a subsidiary of PepsiCo that designs and manufactures food products. It is a New Jersey corporation with its primary place of business in Chicago, Illinois. Quaker's Bridgeview facility is located at 7700 West 71st Street, Bridgeview, Illinois, 60455.

9. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of 29 U.S.C. § 2611(4)(A).

10. At all times relevant, Defendant employed more than 50 employees within 75 miles of its plant in Bridgeview, Illinois.

## FACTUAL ALLEGATIONS

11. Wimberly started working for Quaker as an Industrial Sanitor on or about February 23, 2015.

12. Throughout his employment, Wimberly performed his job satisfactorily.

13. In January 2016, Wimberly got into an argument with Michael Riberdy, a coworker. Shortly thereafter, Wimberly found a noose hanging in his assigned work area.

14. On information and belief, Riberdy's race is white.

15. On or about January 14, 2016, Wimberly reported to Kelcey Willmot, a Quaker human resources representative, that he found a noose hanging in his work area. Wimberly told Willmot that he believed Riberdy was responsible for hanging the noose in Wimberly's work location.

16. Wimberly believed that the hanging of a noose in his work area was intended to harass him on the basis of his race.

17. On or about February 5, 2016, Wimberly hit his head on a steel structure while working, resulting in a concussion.

18. On or about February 6, 2016, and within twenty-four (24) hours of his injury, Wimberly informed Quaker that he had been injured on the job the previous day.

19. Wimberly sought treatment for his on-duty injury on or about February 8, 2016.

20. On February 8, 2016, Wimberly's doctor restricted him from returning to work until February 15, 2016 at the earliest. Wimberly's actual return to work date depended upon his condition at a follow up appointment.

21. Wimberly promptly advised Stacie Clark ("Clark"), his supervisor, and Erin Bahde, Athletic Trainer, of the outcome of his February 8, 2016 doctor's appointment. Wimberly also told Clark and Bahde at that time that he had suffered a concussion.

22. On February 12, 2016, Wimberly returned to the doctor. At that time his doctor restricted him from working until at least February 22, 2016, with his actual return to work date again depending upon his condition at a subsequent appointment.

23. On February 15, 2016, Clark called Wimberly and asked when he intended to return to work. Wimberly explained that his doctor had not released him to return to work until at least February 22, 2016. During that phone call, Clark asked Wimberly if he planned to file a claim for workers' compensation benefits. Wimberly told Clark that he did intend to file a claim.

24. Two days later, on February 17, 2016, Clark, together with a human resources manager, called Wimberly. She informed him that it was time for his one-year review; that Quaker felt he was not a "good fit" for the company; and that he was terminated effective immediately.

25. Quaker confirmed via letter that Wimberly's employment was terminated effective February 17, 2016, for "failure to meet job performance requirements during your probationary period."

26. Wimberly was not disciplined in any manner during his employment at Quaker, nor did any Quaker representative ever inform him prior to his termination that his performance was less than satisfactory.

27. In the 12 months preceding February 17, 2016, Wimberly worked more than 1,250 hours for Quaker.

28. But for his termination, Wimberly would have been eligible to take job protected leave pursuant to the FMLA as of February 23, 2016.

**COUNT I**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT - INTERFERENCE**

29. Plaintiff restates and incorporates Paragraphs 1 through 28 as though fully set forth herein.

30. The matters set forth in this Count arise from Defendant's violation of the FMLA, 29 U.S.C. § 2601, *et seq*.

4

31. Defendant interfered with Plaintiff's rights under FMLA by its failure to provide him with notice or information as to when he might qualify for or be entitled to receive leave from work under the FMLA.

32. Defendant interfered with Plaintiff's rights under the FMLA by terminating him within days of his becoming eligible for job-protected leave under the law.

WHEREFORE, Plaintiff Arnold Wimberly respectfully requests that this Court enter an order as follows:

> A. Declaring that the acts and practices by Defendant, as described herein, constitute a violation of the FMLA;
>
> B. Enjoining and permanently restraining these violations of the FMLA;
>
> C. Awarding Plaintiff back wages and lost benefits due to Defendant's violations of the FMLA;
>
> D. Awarding Plaintiff front pay;
>
> E. Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);
>
> F. Awarding Plaintiff injunctive relief;
>
> G. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and
>
> H. Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

## COUNT II
## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

33. Plaintiff restates and incorporates Paragraphs 1 through 28 as though fully set forth herein.

34. The matters set forth in this Count arise from Defendant's unlawful retaliation in violation of 42 U.S.C. § 1981.

35. Defendant retaliated against Plaintiff by terminating him shortly after he complained about what he believed to be harassment based upon his race.

WHEREFORE, Plaintiff Arnold Wimberly respectfully requests that this Court enter an order as follows:

    A. Declaring that the acts and practices by Defendant, as described herein, constitute a violation of 42 U.S.C. § 1981;

    B. Enjoining and permanently restraining the violation of 42 U.S.C. § 1981;

    C. Awarding Plaintiff back wages and lost benefits due to Defendant's violation of 42 U.S.C. § 1981;

    D. Awarding Plaintiff front pay;

    E. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

    F. Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

## COUNT III
## RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY

36. Plaintiff restates and incorporates Paragraphs 1 through 28 as thought fully set forth herein.

37. The Illinois Workers' Compensation Act, 820 Ill. Comp. Stat. § 305/1, *et seq*. ("IWCA"), provides remedies and medical benefits for employees who suffer injuries arising out of and in the course of their employment.

38. Wimberly suffered injuries arising out of and in the course of his employment, received medical treatment for those injuries, and was entitled to remedies and protections of the IWCA.

39. Defendant discharged Wimberly in retaliation for exercising his rights under the IWCA, in violation of public policy.

WHEREFORE, Plaintiff Arnold Wimberly respectfully requests that this Court enter an order as follows:

    A. Awarding lost wages;

    B. Awarding front pay;

    C. Awarding prejudgment interest;

    D. Awarding compensatory damages;

    E. Awarding punitive damages;

    F. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

    G. Awarding Plaintiff such further and additional relief as the Court may deem just and proper.

Dated: July 21, 2016                    Respectfully submitted,
                                         ARNOLD WIMBERLY

Alejandro Caffarelli, #06239078
Madeline K. Engel, #06303249
Caffarelli & Associates, Ltd.            By: /s/ Alejandro Caffarelli
224 S. Michigan Ave., Suite 300        Attorney for Plaintiff
Chicago, Illinois 60604
Tel. (312) 763-6880