IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARNOLD WIMBERLY,<br><br>    Plaintiff,<br><br>v.<br><br>THE QUAKER OATS COMPANY,<br><br>    Defendant. | No. 1:16-cv-07433<br><br>Judge Sara L. Ellis |

**ANSWER TO COMPLAINT**

Defendant, the Golden Grain Company ("Defendant"), incorrectly named as the Quaker Oats Company, by its attorneys and for its Answer to Plaintiff's Complaint, states as follows.

**NATURE OF ACTION**

**ALLEGATION NO. 1:**

This is a single-plaintiff action for damages and injunctive relief against Defendant The Quaker Oats Company ("Quaker" or the "Company") for its unlawful interference with Plaintiff's rights in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"). Plaintiff also asserts claims for retaliatory discharge in violation of Illinois common law and for retaliation in violation of 42 U.S.C. § 1981.

**ANSWER:**

Defendant admits that Plaintiff brings claims under the Family and Medical Leave Act, Illinois common law, and 42 U.S.C. § 1981, but denies any violation of those Acts or laws. Defendant admits that Plaintiff seeks economic and injunctive relief, but denies that he is entitled to any of it. Defendant denies that the Quaker Oats Company is the correct employing entity.

## JURISDICTION AND VENUE

**ALLEGATION NO. 2:**

This Court has original jurisdiction over Plaintiff's FMLA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617 (right to civil action by employees under the FMLA), and over Plaintiff's federal retaliation claim pursuant to 28 U.S.C. § 1343(a)(4) and 42 U.S.C. § 1981. This Court has supplemental jurisdiction over the state common law claim pursuant to 28 U.S.C. § 1367.

**ANSWER:**

Defendant admits that this court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), 42 U.S.C. § 1981, and 28 U.S.C. § 1367, but denies that jurisdiction is proper under 29 U.S.C. § 2617.

**ALLEGATION NO. 3:**

The unlawful employment practices described herein were committed at Defendant's facility in Bridgeview, Cook County, Illinois. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

**ANSWER:**

Defendant admits that venue is proper, but denies the substance of the facts, events, and transactions Plaintiff alleges in the Complaint.

## PARTIES

**ALLEGATION NO. 4:**

Plaintiff Arnold Wimberly resides in Park Forest, Illinois.

**ANSWER:**

Upon information and belief, Defendant admits.

**ALLEGATION NO. 5:**

Plaintiff worked at the Company from on or about February 23, 2015 until his termination on or about February 17, 2016.

**ANSWER:**

Defendant admits.

**ALLEGATION NO. 6:**

Plaintiff's race is black.

**ANSWER:**

Defendant admits.

**ALLEGATION NO. 7:**

At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 2611(3)(A).

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 8:**

The Quaker Oats Company is a subsidiary of PepsiCo that designs and manufactures food products. It is a New Jersey corporation with its primary place of business in Chicago, Illinois. Quaker's Bridgeview facility is located at 7700 West 71st Street, Bridgeview, Illinois, 60455.

**ANSWER:**

Defendant admits.

**ALLEGATION NO. 9:**

At all relevant times, Defendant was Plaintiff's "employer" within the meaning of 29 U.S.C. § 2611(4)(A).

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 10:**

At all times relevant, Defendant employed more than 50 employees within 75 miles of its plant in Bridgeview, Illinois.

**ANSWER:**

Defendant admits.

**FACTUAL ALLEGATIONS**

**ALLEGATION NO. 11:**

Wimberly started working for Quaker as an Industrial Sanitor on or about February 23, 2015.

**ANSWER:**

Defendant admits that Plaintiff started working for the Golden Grains Company as an Industrial Sanitor on or about February 23, 2015.

**ALLEGATION NO. 12:**

Throughout his employment, Wimberly performed his job satisfactorily.

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 13:**

In January 2016, Wimberly got into an argument with Michael Riberdy, a coworker. Shortly thereafter, Wimberly found a noose hanging in his assigned work area.

**ANSWER:**

Defendant admits that Plaintiff said he and Mr. Riberdy got into an argument and that, thereafter, he found what he believed to be a noose. Defendant denies the remaining allegations.

**ALLEGATION NO. 14:**

On information and belief, Riberdy's race is white.

**ANSWER:**

Defendant admits.

**ALLEGATION NO. 15:**

On or about January 14, 2016, Wimberly reported to Kelcey Willmot, a Quaker human resources representative, that he found a noose hanging in his work area. Wimberly told Willmot that he believed Riberdy was responsible for hanging the noose in Wimberly's work location.

**ANSWER:**

Defendant denies that Willmot is a Quaker human resources representative, but admits the remaining allegations.

**ALLEGATION NO. 16:**

Wimberly believed that the hanging of a noose in his work area was intended to harass him on the basis of his race.

**ANSWER:**

Defendant lacks information or knowledge sufficient to form a belief as to what Plaintiff believed and, therefore, denies the allegations.

**ALLEGATION NO. 17:**

On or about February 5, 2016, Wimberly hit his head on a steel structure while working, resulting in a concussion.

**ANSWER:**

Defendant admits that Plaintiff reported hitting his head on or about February 5, 2016 while working. Defendant lacks information or knowledge sufficient to form a belief as to the remaining allegations and, therefore, denies them.

**ALLEGATION NO. 18:**

On or about February 6, 2016, and within twenty-four (24) hours of his injury, Wimberly informed Quaker that he had been injured on the job the previous day.

**ANSWER:**

Defendant admits that Plaintiff reported an injury on February 6, 2016, but denies that he did so within 24-hours of the alleged injury.

**ALLEGATION NO. 19:**

Wimberly sought treatment for his on-duty injury on or about February 8, 2016.

**ANSWER:**

Defendant admits.

**ALLEGATION NO. 20:**

On February 8, 2016, Wimberly's doctor restricted him from returning to work until February 15, 2016 at the earliest. Wimberly's actual return to work date depended upon his condition at a follow up appointment.

**ANSWER:**

Defendant lacks information or knowledge sufficient to form a belief as to the truth of Allegation No. 20 and, therefore, denies.

**ALLEGATION NO. 21:**

Wimberly promptly advised Stacie Clark ("Clark"), his supervisor, and Erin Bahde, Athletic Trainer, of the outcome of his February 8, 2016 doctor's appointment. Wimberly also told Clark and Bahde at that time that he had suffered a concussion.

**ANSWER:**

Defendant admits that Plaintiff spoke with Clark and Bahde about his February 8, 2016 doctor's appointment. Defendant admits the remaining allegations.

**ALLEGATION NO. 22:**

On February 12, 2016, Wimberly returned to the doctor. At that time his doctor restricted him from working until at least February 22, 2016, with his actual return to work date again depending upon his condition at a subsequent appointment.

**ANSWER:**

Defendant lacks information or knowledge sufficient to form a belief as to the truth of Allegation No. 22 and, therefore, denies.

**ALLEGATION NO. 23:**

On February 15, 2016, Clark called Wimberly and asked when he intended to return to work. Wimberly explained that his doctor had not released him to return to work until at least February 22, 2016. During that phone call, Clark asked Wimberly if he planned to file a claim for workers' compensation benefits. Wimberly told Clark that he did intend to file a claim.

**ANSWER:**

Defendant lacks information or knowledge sufficient to form a belief as to whether Clark asked Plaintiff about his plans to file a workers' compensation claim and therefore denies the last two sentences in Allegation No. 23. Defendant admits the remaining allegations.

**ALLEGATION NO. 24:**

Two days later, on February 17, 2016, Clark, together with a human resources manager, called Wimberly. She informed him that it was time for his one-year review; that Quaker felt he was not a "good fit" for the company; and that he was terminated effective immediately.

**ANSWER:**

Defendant admits as to Golden Grains Company, but denies as to the Quaker Oats Company.

**ALLEGATION NO. 25:**

Quaker confirmed via letter that Wimberly's employment was terminated effective February 17, 2016, for "failure to meet job performance requirements during your probationary period."

**ANSWER:**

Defendant admits as to Golden Grains Company, but denies as to the Quaker Oats Company.

**ALLEGATION NO. 26:**

Wimberly was not disciplined in any manner during his employment at Quaker, nor did any Quaker representative ever inform him prior to his termination that his performance was less than satisfactory.

**ANSWER:**

Defendant admits that Plaintiff did not receive formal discipline during his employment, but denies the remaining allegations. Defendant denies that Quaker employed Plaintiff.

**ALLEGATION NO. 27:**

In the 12 months preceding February 17, 2016, Wimberly worked more than 1,250 hours for Quaker.

**ANSWER:**

Defendant admits that Plaintiff worked more than 1,250 hours for the Golden Grains Company in the 12 months preceding February 17, 2016.

**ALLEGATION NO. 28:**

But for his termination, Wimberly would have been eligible to take job protected leave pursuant to the FMLA as of February 23, 2016.

**ANSWER:**

Defendant denies.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT - INTERFERENCE

**ALLEGATION NO. 29:**

Plaintiff restates and incorporates Paragraphs 1 through 28 as though fully set forth herein.

**ANSWER:**

Defendant restates and incorporates by reference its answers to all preceding paragraphs of the Complaint.

**ALLEGATION NO. 30:**

The matters set forth in this Count arise from Defendant's violation of the FMLA, 29 U.S.C. § 2601, *et seq.*

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 31:**

Defendant interfered with Plaintiff's rights under FMLA by its failure to provide him with notice or information as to when he might qualify for or be entitled to receive leave from work under the FMLA.

8

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 32:**

Defendant interfered with Plaintiff's rights under the FMLA by terminating him within days of his becoming eligible for job-protected leave under the law.

**ANSWER:**

Defendant denies.

## COUNT II
## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

**ALLEGATION NO. 33:**

Plaintiff restates and incorporates Paragraphs 1 through 28 as though fully set forth herein.

**ANSWER:**

Defendant restates and incorporates by reference its answers to all preceding paragraphs of the Complaint.

**ALLEGATION NO. 34:**

The matters set forth in this Count arise from Defendant's unlawful retaliation in violation of 42 U.S.C. § 1981.

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 35:**

Defendant retaliated against Plaintiff by terminating him shortly after he complained about what he believed to be harassment based upon his race.

**ANSWER:**

Defendant denies.

## COUNT III
## RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY

**ALLEGATION NO. 36:**

Plaintiff restates and incorporates Paragraphs 1 through 28 as thought fully set forth herein.

**ANSWER:**

Defendant restates and incorporates by reference its answers to all preceding paragraphs of the Complaint.

**ALLEGATION NO. 37:**

The Illinois Workers' Compensation Act, 820 Ill. Comp. Stat. § 305/1, *et seq.* ("IWCA"), provides remedies and medical benefits for employees who suffer injuries arising out of and in the course of their employment.

**ANSWER:**

Defendant admits that Allegation No. 37 generally summarizes aspects of the Illinois Workers' Compensation Act, but denies any violation of that Act.

**ALLEGATION NO. 38:**

Wimberly suffered injuries arising out of and in the course of his employment, received medical treatment for those injuries, and was entitled to remedies and protections of the IWCA.

**ANSWER:**

That Plaintiff was entitled to the remedies and protections of the Illinois Workers' Compensation Act is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies. Defendant admits the remaining allegations.

**ALLEGATION NO. 39:**

Defendant discharged Wimberly in retaliation for exercising his rights under the IWCA, in violation of public policy.

**ANSWER:**

Defendant denies.

10

## ADDITIONAL DEFENSES

1. Plaintiff's claims for monetary relief are barred to the extent he has failed to mitigate his damages.

2. Plaintiff's claims are barred to the extent they are time-barred by the applicable statutes of limitations.

3. Plaintiff's claims must be dismissed to the extent they fail to state a claim for relief.

4. All actions taken against Plaintiff were based on legitimate business reasons unrelated to Plaintiff's alleged protected activity or his efforts, if any, to exercise any rights under the FMLA, Illinois Workers' Compensation Act or to seek medical treatment.

5. Plaintiff was treated in good faith by Defendant and all employment actions were unrelated to Plaintiff's alleged protected activity or his efforts, if any, to exercise any rights under the FMLA, Illinois Workers' Compensation Act or to seek medical treatment.

6. Plaintiff is not entitled to punitive damages under the FMLA because the FMLA does not allow for such relief.

Defendant reserves the right to amend this Answer and assert additional defenses to conform to the facts as may later be revealed.

11

        Respectfully submitted,

        GOLDEN GRAINS COMPANY


        By:/s/ <u>Emily C. Fess</u>
                One of Its Attorneys

Thomas M. Wilde
Emily C. Fess
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois  60601
Telephone:  (312) 609-7500
Facsimile:  (312) 609-5005
twilde@vedderprice.com
efess@vedderprice.com

Counsel for Defendant

Dated:  August 26, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that he has caused a copy of the foregoing ANSWER TO COMPLAINT to be served upon:

>Alejandro Caffarelli, #06239078
>Madeline K. Engel, #06303249
>Caffarelli & Associates, Ltd.
>224 S. Michigan Ave., Suite 300
>Chicago, Illinois 60604
>Tel. (312) 763-6880

on August 26, 2016 via this Court's electronic filing system.

/s/ Emily C. Fess
An Attorney for Defendant

CHICAGO/#2871922.5